UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH AND WELFARE FUND; WESTERN GLAZIERS RETIREMENT TRUST FUND; and WESTERN WASHINGTON APPRENTICESHIP AND TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC NORTHWEST CONTRACTORS, INC., a Washington corporation, DANIEL A. JANKANISH and JANE DOE JANKANISH, husband and wife, and wife and the marital community comprised thereof, STEVE COOPER and JANE DOE COOPER, husband and wife, and the marital community comprised thereof,<br><br>Defendants. | CASE NO. C11-5271<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment of Plaintiffs Employee Painters' Trust Health & Welfare Fund, Western Glaziers Retirement Trust Fund, and

the Western Washington Apprenticeship and Training Trust (Trust Funds). Dkt. 18. A default has been entered against all Defendants and no response has been filed to the motion for summary judgment. Dkt. 10 and 16. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

The factual allegations of Plaintiffs' complaint, taken as true pursuant to the entry of default against Defendants, and the declarations and exhibits submitted in support of the motion for summary judgment, establish the following facts.

Defendant Pacific Northwest Contractors, Inc. is a Washington corporation with its principal place of business in Tacoma, Pierce County, Washington. Dkt. 19 pp. 5. During the relevant time periods, defendants Daniel Jankanish and Steve Cooper were officers of Pacific Northwest Contractors. Dkt. 18 pp. 2. On January 22, 2008, Daniel Jankanish executed an In-Shop Production Workers Collective Bargaining Agreement between Pacific NW Contractors, Inc. and International Union of Painters & Allied Trades District Council No. 5/Local Union No. 188. Dkt. 19 pp. 9-12. The In-Shop Collective Bargaining Agreement was effective on October 1, 2007, and had a term of four years, automatically renewing on October 1 from year to year thereafter unless the parties gave sixty (60) days notification of termination prior to the renewal date. Dkt. 19 pp. 12. Defendants have not given notice of termination of the Agreement. Dkt. 18 pp. 2.

Pursuant to the In-Shop Collective Bargaining Agreement, Pacific Northwest Contractors agreed to contribute to the Painters Health & Welfare Fund and the Western Glaziers Retirement Trust Funds:

**Article 15. Trust Funds**

> Section 1. The Union and the Employer hereby agree to the continuation of the following funds:
>
> (a) The Painters Health & Welfare Trust fund as jointly administered pursuant to the Trust Agreement, s [sic] now or hereafter amended; and
>
> (b) The Western Glaziers Retirement Trust Funds jointly administered by the Union and the various Employers pursuant to the Western Glaziers Retirement Trust Agreement of April 4, 1963, as now or hereafter amended.

Dkt.19 pp. 10.

Pacific Northwest Contractors also agreed to be bound by the terms and conditions of the trust agreements:

> Section 4. Both parties agree to be bound by the terms on the respective trust agreements as now existing or hereinafter amended…

Dkt. 19 pp. 10

On March 4, 2008, Daniel Jankanish executed a Western Washington Residential Glazing Collective Bargaining Agreement by and between Pacific NW Contractors, Inc. and International Union of Painters & Allied Trades District Council No. 5/Local Union No. 188. Dkt. 19 pp. 14-18. The Residential Glazing Collective Bargaining Agreement also became effective on October 1, 2007, with a three-year term, automatically renewing on October 1 every year thereafter unless one of the parties gives its notice to modify or terminate the agreement sixty (60) days prior to the renewal date. Dkt. 19 pp. 15. Defendants have not provided Plaintiffs with any notice to modify or terminate the Residential Glazing Collective Bargaining Agreement. Dkt. 18 pp. 4.

Under the Residential Glazing Collective Bargaining Agreement, Pacific Northwest Contractors agreed to contribute to three trust funds:

**Article 17 – Trust Funds**

> Section 1. The Union and the employer agree to the continuation of the following funds:

> (a) Effective October 1, 2004 hours: Painters Health & Welfare Trust, pursuant to the Trust Agreement as now or hereafter amended; and
>
> (b) The Western Glaziers Retirement Trust Fund as jointly administered pursuant to the Western Glaziers Retirement Trust Agreement of April 4, 1963, as now or hereafter amended; and
>
> (c) The Glaziers, Architectural Metal and Glassworkers Apprentice Training Trust as jointly administered pursuant to the Trust Agreement as now or hereafter amended.

Dkt. 19 pp. 15. Pacific Northwest Contractors also agreed to be bound by the terms and conditions of the trust agreements. Dkt. 19 pp. 15.

As with the In-Shop Collective Bargaining Agreement, Pacific Northwest Contractors agreed that, should it be delinquent in its contributions to the plaintiff trust funds, it would pay: (i) a delinquency surcharge in the amount of 10% of the outstanding contributions; (ii) a legal rate of interest on all delinquent amounts; and (iii) reasonable attorney fees in the amount of 20% of the outstanding contributions if collected prior to filing suit, and 33% thereafter. Dkt. 19 pp. 11, 16.

Pacific Northwest Contractors is also a member of the Western Washington Glass Contractors Multi-Employer Group. Dkt. 19 pp. 20-24. The Multi-Employer Group Collective Bargaining Agreement also requires Pacific Northwest Contractors and other member Employers to make monthly reports and contributions for every employee performing work covered under the agreement:

> Section 6. All parties recognize and acknowledge that regular and prompt payments of contributions to the various funds are essential to the maintenance and continuance of each fund. Each party, therefore, agrees to make the contributions to the various funds as required by this Article for each hour worked for all employees covered by this Agreement as those payments become due and payable by the Employer on or before the twentieth (20) day of the month following the month in which the hours were worked.

Dkt. 19 pp. 21

Pacific Northwest Contractors is obligated under the Multi-Employer Group Collective Bargaining Agreement to pay liquidated damages, attorney fees, and costs of collection when it fails to timely report and pay contributions to the Trust Funds:

> Section 8. Recognizing the difficulty to determine the expense and damage to any fund resulting from the failure of the Employer to pay any contribution by the twentieth (20th) of the month as herein provided, the parties hereto therefore agree that any delinquent employer shall be liable for a surcharge to compensate the funds for the damages due to such delinquency in an amount equal to ten percent (10%) of the amount of delinquent contribution and in addition to pay a legal rate of interest in the event legal action is taken to collect such contribution. In addition to the surcharge and interest thereon it is agreed that the Employer shall be liable to pay.

Dkt. 19 pp. 21-22.

As a signatory to the three collective bargaining agreements discussed above, Pacific Northwest Contractors agreed to the terms of the Employee Painters' Trust, Amended and Restated Trust Agreement (EPT Health & Welfare Trust), the Western Glaziers Retirement Trust Fund, and the District Council No. 5 Apprenticeship and Training Trust Agreement.

Pacific Northwest Contractors' obligations under the EPT Health & Welfare Trust are set forth in Article VIII, §§1 – 8. Under the Employee Painters' Trust, Pacific Northwest Contractors agreed to:

> Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

> Comply with a request to inspect, examine, and audit the payroll records and other documents as requested by the trust funds;

> Payment of liquidated damages of twelve (12) percent on all delinquencies, with accrued interest on all delinquencies at twelve (12) percent;

> Payment of the trust fund's attorney fees and costs of collection; and

> Obtain a fringe benefit bond from a reputable surety company upon demand by the trust funds

Dkt. 19 pp. 27-30.

Pacific Northwest Contractors' obligations under the Western Glaziers Retirement Trust Fund are spelled out in the trust fund's agreement at Article VIII. Under the trust agreement, Pacific Northwest Contractors is obligated to:

> Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;
>
> Comply with a request to audit the payroll records and other documents as requested by the trust funds;
>
> Payment of liquidated damages of ten (10) percent on all delinquencies, with accrued interest on all delinquencies at twelve (12) percent;
>
> Payment of the trust fund's attorney fees and costs of collection; and
>
> Obtain a fringe benefit bond from a reputable surety company upon demand by the trust funds.

Dkt. 19 pp. 32-36.

Pacific Northwest Contractors' duties under the District Council No. 5 Apprenticeship and Training Trust are set forth in Article VIII of the trust agreement. Under the terms of the trust, Pacific Northwest Contractors must:

> Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;
>
> Comply with a request to audit the payroll records and other documents as requested by the trust funds;
>
> Payment of liquidated damages of ten (10) percent on all delinquencies, with accrued interest on all delinquencies at twelve (12) percent; and
>
> Payment of the trust fund's attorney fees and costs of collection.

Dkt. 19 pp. 38-41.

1       All three Trust Agreements impose individual liability on corporate officers and responsible individuals for payment of the company's contributions. The language in all three trust agreements is identical:

> 8. Liability of Corporate Officers. In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Dkt. 19 pp. 28-29, 34-35, 40.

      Following execution of the collective bargaining agreements, Pacific Northwest Contractors hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the plaintiff Trust Funds. Dkt. 18 pp. 8.

      In early 2010, the Western Glaziers Retirement Fund audited the books and records of Pacific Northwest Contractors. In its report, the auditor found that Pacific Northwest Contractors had failed report on some employees who were subject to the scope of the various collective bargaining agreements to which the company was a party. The auditor determined that Pacific Northwest Contractors had underreported its contributions by $44,063.64.21. Dkt. 20 pp. 1-8

      Following the issuance of the audit report, Pacific Northwest Contractors made several payments towards the balance owing. However, despite making $6,440.00 in payments, Pacific Northwest Contractors failed to pay the remaining amounts found due and owing by the audit. Dkt. 18 pp. 9

Between October 2010 and August 2011, Pacific Northwest Contractors submitted monthly reports to the trust funds. However, the company did not pay the required contributions despite listing the amounts each month on its reports. During this time period, Pacific Northwest Contractors has accumulated $282,545.66 in unpaid contributions. Dkt. 18 pp. 9; Dkt. 19 pp. 42-57.

On April 8, 2011, Plaintiffs filed this action alleging, among other things, that Defendants were liable for fringe benefit contributions and ancillary charges owing pursuant to the collective bargaining agreements. Plaintiffs also alleged violations of ERISA, 29 U.S.C. § 1145.

On April 21, 2011, defendants Pacific Northwest Contractors and Daniel Jankanish were personally served with the summons and complaint at the company's office in Tacoma, Pierce County, Washington. Dkt. 19 pp. 59-60. Jankanish is Pacific Northwest Contractors' registered agent. Dkt. 19 pp. 5. On June 23, 2011, defendant Steve Cooper was served with a sixty (60) day summons by publication. Dkt. 19 pp. 62-64.

Neither Pacific Northwest Contractors nor Daniel Jankanish responded to Plaintiffs' complaint and the Court entered an Orders of Default against Pacific Northwest Contractors and Daniel Jankanish. Dkt. 10. Defendant Cooper did not respond to Plaintiffs' complaint and the Court entered an Order of Default against Cooper. Dkt. 16.

As September 27, 2011, Pacific Northwest Contractors owes the Plaintiff trust funds $372,857.13, plus attorney fees and costs of collection. Dkt. 19 pp. 66-78.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal.2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id*. at 252.

While the nonmoving party's failure to file points and authorities in response to any motion is deemed to constitute consent to the granting of the motion under Local Rule 7(b)(2), the failure to file an opposition, in and of itself, is not sufficient to grant summary judgment. See *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). The moving party must still meet its affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. *Id.* Thus, the absence of an opposition does not change Defendants' burden, and the Court will consider Defendants' motion on the merits.

### BREACH OF COLLECTIVE BARGAINING AGREEMENTS

It is undisputed that Pacific Northwest Contractors is liable to the Plaintiffs under the three collective bargaining agreements, and under the trust agreements which are incorporated by reference. As a member of the Western Washington Glass Contractors Multi-Employer Group, Pacific Northwest Contractors was bound to the terms of WWG Multi-Employer Group/Union collective bargaining agreement when it was executed on August 6, 2009. Pacific Northwest Contractors was also bound to the In-Shop Collective Bargaining Agreement and the Residential Glazing Collective Bargaining Agreement when its president, Daniel Jankanish, executed the agreements on January 22, 2008 and March 4, 2008, respectively.

Pacific Northwest Contractors also ratified the collective bargaining and trust agreements by its performance of the terms. After signing the three collective bargaining agreements, Pacific Northwest Contractors hired labor to perform work covered by the collective bargaining agreement, paid laborers at wages authorized by the collective bargaining agreement, submitted monthly contribution reports and paid partial contributions to the Trust Funds. See *Southern California Painters & Allied Trade District Council No. 36 v. Best Interiors, Inc.,* 359 F.3d 1127, 1134 (9th Cir. 2004);

Pacific Northwest Contractors breached the agreements. The company failed to report all employees performing work covered by the scope of the collective bargaining agreements. The company failed to contribute to the trust funds for each hour worked by all employees covered by the collective bargaining agreements. Moreover, despite demand, Pacific Northwest Contractors has not paid its contributions in full. As a result of Pacific Northwest Contractors' breaches, the Plaintiffs have suffered monetary damages to which they are entitled to compensation.

It has also been long held that, where a collective bargaining agreement specifically provides, corporate officers can be held liable for unpaid contributions. See *Mason Tenders District Council Welfare Fund v. Akaty Constr. Corp.*, 724 F. Supp. 209 (S.D. N.Y. 1989). The Trust Agreements provide:

> Liability of Corporate Officers. In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees**, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII.** Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, **the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).**

Dkt. 19 pp. 28-29, 34-35, 40 (emphasis added).

Accordingly, pursuant to the terms of the agreements to which Pacific Northwest Contractors executed, the Individual Officers have joint and several liability with Pacific Northwest Contractors for its delinquent contributions, late fees, interest, attorney fees, and costs of collection. See *Mason Tenders District Council Welfare Fund v. Akaty Constr. Corp.*, 724 F. Supp. 209 (S.D. N.Y. 1989).

Plaintiffs' claim during the relevant time period covered by the complaint is calculated as follows: Contributions – $320,169.30; Liquidated Damages - $31,686.83; and Interest - 18,282.98. Dkt 18 pp. 15; Dkt.19 pp. 66-69.

Pursuant to the collective bargaining agreements, Defendants are liable for Plaintiffs' reasonable attorney fees and costs. Dkt. 19 pp. 11, 16, 21-22. As of September 18, 2011, Plaintiffs have incurred $8,224.50 in attorney fees and $671.44 in costs in enforcing the Trust Funds' rights against the Defendants under the collective bargaining agreements and the trust agreements. Dkt. 22 pp. 1-13.

Plaintiffs are entitled to their reasonable attorney fees and costs, to be awarded as part of the judgment against Defendants Pacific Northwest Contractors, Daniel Jankanish and Jane Doe Jankanish, and their marital community; and Steven Cooper and Jane Doe Cooper, and their marital community.

**CONCLUSION**

Plaintiffs are entitled to summary judgment. The undisputed facts, as well as the evidence, show that Pacific Northwest Contractors executed the Collective Bargaining Agreements through the company's principal and president, Defendant Jankanish and is thus liable to Plaintiffs. The evidence also shows that Pacific Northwest Contractors, Inc. voluntarily agreed to the terms of the Collective Bargaining and Trust Agreements that imposed personal liability for unpaid contributions and related fees on the company's principals. Accordingly, Defendants Pacific Northwest Contractors, Inc., Jankanish and Cooper are joint and severally liable to the Plaintiff Trust Funds for the unpaid, delinquent contributions, late fees, interest, attorney fees and costs of collection. These monetary claims are sum certain.

Therefore, it is **ORDERED**:

1. Plaintiffs' Motion for Summary Judgment on all Claims (Dkt. 18) is **GRANTED**.
2. The Defendants are joint and severally liable to Plaintiffs for the amounts claimed by Plaintiffs: (i) $320,129.30 in contributions, (ii) $31,986.25 in liquidated damages; and (iii) $19,565.27 in interest.
3. Defendants Pacific Northwest Contractors, Inc., Daniel A. Jankanish, and Steve Cooper are joint and severally liable to Plaintiffs for $9,542.50 in attorney fees and $3,511.37 in costs expended in this action.
4. The Clerk is directed to enter judgment against Pacific Northwest Contractors, Inc., Daniel A. Jankanish, and Steve Cooper consistent with this order.

Dated this 27th day of October, 2011.

_____
ROBERT J. BRYAN
United States District Judge